**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| RONALD MITCHELL, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-359 |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus by a person in State custody under 28 U.S.C. section 2254, seeking review of his conviction, submitted by Petitioner Ronald Mitchell, the response to the order to show cause filed by the Respondent, and the traverse filed by Mitchell. For the reasons set forth below, the court **DENIES** this petition and the Clerk is **ORDERED** to **DISMISS** the petition.

BACKGROUND

Petitioner Ronald Mitchell, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, challenging his convictions in the Tippecanoe Superior Court for child molestation and intimidation. The Indiana Court of Appeals affirmed his convictions on direct appeal. Mitchell subsequently petitioned for post-conviction relief asserting ineffectiveness of his trial and appellate counsel and prosecutorial misconduct. The trial court

denied relief, the Indiana Court of Appeals affirmed the trial court's resolution of the petition for post-conviction relief, and the Indiana Supreme Court denied transfer. In his petition for writ of habeas corpus, Mitchell asserts that his trial and appellate counsel were ineffective.

LEGAL STANDARDS

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim---
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them

full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or if the state court reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

Before reaching the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one

3

complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). To establish cause and prejudice, a petitioner has the burden of "showing not merely that the errors at

4

his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1050 (7th Cir. 2001) (emphasis in original), quoting *United States v. Frady*, 456 U.S. 152, 170 (1982).

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original).

DISCUSSION

In the first six grounds of his petition for writ of habeas corpus, Mitchell asserts that his trial counsel rendered ineffective assistance for (1) not adequately investigating the facts of his case; (2) not presenting evidence that Mitchell tested negative for gonorrhea; (3) not determining that Mitchell was

5

mentally retarded and unable to assist in his defense; (4) failing to locate, interview, or depose key witnesses; (5) not objecting to the violation of his physician-patient privilege; and (6) coercing him into waiving his right to a jury trial. In ground seven, Mitchell argues that his appellate counsel was ineffective for failing to raise, on direct appeal, any court errors, prosecutor misconduct, or claims under *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the disclosure of material exculpatory evidence.

"The Sixth Amendment entitles criminal defendants to the 'effective assistance of counsel'— that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 130 S.Ct. 13, 17 (2009). The governing Supreme Court case is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. The court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). The prejudice prong requires the petitioner to show that "but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Strickland*, 466 U.S. at 694. Where it is expedient to do so, a court may resolve an ineffective assistance claim based solely on the prejudice prong; in other words, where the petitioner cannot establish prejudice, there is no need to consider in detail whether counsel's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 697; *Watson v. Anglin*, 560 F.3d 687, 689-90 (7th Cir. 2009).

Mitchell presented his ineffective assistance of counsel claims to the Indiana courts in his petition for post-conviction relief*.* The Indiana Court of Appeals properly identified the *Strickland* standard as governing the resolution of this claim. (DE 10-10 at 5). Accordingly, the court must determine whether the state court's application of *Strickland* was unreasonable. In regard to Mitchell's trial counsel, the Indiana Appellate Court concluded that:

> In particular, the evidence shows that Mitchell's trial counsel conducted an appropriate examination of the facts of the case; argued that Mitchell had tested negative for gonorrhea; found Mitchell mentally competent to assist in his defense;[footnote omitted] interviewed key defense witnesses prior to trial; and filed the defense witness list as soon as Mitchell provided him with the names. Mitchell has not demonstrated that any objection to the alleged violation of his physician-patient privilege would have been sustained, so he cannot show prejudice on that claim. Finally, Mitchell has not presented any evidence to support his claim that Mitchell [sic] coerced him into waiving a jury trial. Indeed, on appeal, Mitchell does not direct us to relevant evidence supporting any of his specific contentions. As the post-conviction court found, Mitchell's trial counsel was thoroughly prepared for trial, cross-examined Simmons regarding his motives for testifying against Mitchell,

7

and otherwise competently defended Mitchell at trial. (DE 10-10 at 6).

A federal court may grant habeas relief if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins*, 539 U.S. at 520. But here the Indiana Court of Appeals reviewed Mitchell's claims under the *Strickland* standard, reasonably applied *Strickland* to his allegations and rejected them. Mitchell failed to establish ineffective assistance of trial counsel because he did not establish a reasonable probability that, but for trial counsel's alleged errors, the result of the proceeding would have been different. Because the Indiana Court of Appeals reasonably applied *Strickland* to Mitchell's claims and found them to be unsubstantiated his claims are without merit on habeas review pursuant to 28 U.S.C. section 2254(d).

Mitchell argues that his appellate counsel was ineffective because he did not raise any court errors, prosecutor misconduct, or *Brady* issues on direct appeal. The Respondent argues that "the Indiana Court of Appeals expressly found Mitchell's allegations of ineffective assistance of appellate counsel waived" and that, therefore, his ineffectiveness of appellate counsel claims are barred by the procedural default doctrine. (DE 11 at 12). The Indiana Court of Appeals concluded that:

8

> Mitchell has not supported his argument on this issue with citations to the record. Nor has he supported his contention with cogent reasoning. As such the issue is waived. Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, the record supports the post-conviction court's determination that Mitchell was not denied the effective assistance of appellate counsel.

(DE 10-10 at 7).

"A federal claimant's procedural default precludes federal habeas review . . . only if the last state court rendering a judgement in the case rests its judgment on the procedural default." *Harris v. Reed*, 489 U.S. 255, 262 (1989). The Supreme Court has:

> . . . set a "plain statement" rule to govern the analysis of whether the state court rested its judgment on a procedural default: "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."

*Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009) quoting *Harris v. Reed*, 489 U.S. at 263.

The Indiana Court of Appeals concluded that Mitchell waived the issue of ineffectiveness of appellate counsel on appeal. (DE 10-10 at 7). It did not address the merits of the claim in any detail, though it did state a general view that "the record supports the post-conviction court's determination that Mitchell was not denied the effective assistance of appellate counsel." *Id.*). This court concludes that the Indiana Court of Appeals made a "plain statement" that it relied on waiver to deal with

9

Mitchell's ineffectiveness of appellate counsel claims. Accordingly, this claim is procedurally defaulted.

A procedural default may be excused by a showing of cause and prejudice. *Wainwright,* 433 U.S. at 90; *Wrinkles*, 537 F.3d at 812. In his traverse, Mitchell asserts that his appellate counsel's failure to present viable issues on appeal establishes cause and prejudice. He specifically cites *Mason v. Hanks*, 97 F.3d 887 (7th Cir. 1996), for the proposition that when appellate counsel omits "a significant and obvious issue . . . that 'may have resulted in a reversal of the conviction, or an order for new trial,' the court should deem the lack of effective assistance prejudicial." *Id*. at 893. (DE 15-2 at 42). Mitchell also asserts that he is actually innocent of the charge against him.

In support of his cause and prejudice argument, Mitchell contends that Jeffrey Simmons fabricated testimony against him and that, with the prosecutor's concurrence, he lied about not receiving any benefit from his testimony. At trial, Simmons, who had been confined at the Tippecanoe County Jail at the same time as Mitchell, testified that Mitchell had made inculpatory statements to him. In his traverse, Mitchell argues that his appellate counsel should have argued the "inherent unreliability of the alleged jailhouse confession" (DE 15-2 at 42), and should have argued prosecutorial misconduct on the ground that "Simmons falsely testified, with the full knowledge, of the prosecutor, that [he]

received no benefit and had not been paid for his testimony." (*Id.*).

Mitchell argues that "[i]n this case there was no substantial evidence to overcome the natural presumption that the testimony of the jailhouse informant, who had numerous felony convictions, had been fabricated in exchange for personal favors and benefits." (DE 15-2 at 42). Mitchell cites no precedent in support of the existence of a legal presumption that a jailhouse confession to another inmate is "inherently unreliable." In his traverse, Mitchell discusses the ease with which jailhouse informants can fabricate testimony and gives specific examples of testimony in other cases by jailhouse informants that proved later to have been fabricated. But in order to establish cause and prejudice, he must show that Simmons, the informant who testified against him, fabricated testimony. A habeas petitioner has the burden of showing that the errors at his trial created a possibility of prejudice, but that he suffered an actual and substantial disadvantage. *Ouska*, 246 F.3d at 1050. Moreover, a petitioner who asserts actual innocence has the burden of demonstrating his innocence. *Buie*, 341 F.3d at 626-27.

Mitchell asserts that "it should have been obvious to counsel and the court that jail inmates do not make jailhouse confessions [due] to the fact that they have been charged with certain infamous crimes such as child molesting because of potential recriminations

11

from other inmates." (DE 15-2 at 34). But Simmons testified that he helped Mitchell with his "legal paperwork" (Trial Transcript at p. 104), and that he wrote a letter to Mitchell's girlfriend, on Mitchell's behalf, trying to coordinate her testimony with Mitchell's testimony. (*Id.* at 108). That Simmons was assisting Mitchell in defending against the criminal charges against him provides a reason for Mitchell to discuss the facts of his case with Simmons.

When the victim was examined, "tests revealed that [his] rectum was infected with gonorrhea . . .." (DE 10-5 at 4). Simmons testified that Mitchell told him some of the details of the incident and that he specifically told Simmons that he had gonorrhea and took medicine prescribed for his girlfriend Amber McCloud to deal with it. (*Id.* at 107-8). The Indiana Court of Appeals found that:

> Shortly after the incident, Mitchell "went to the hospital emergency room, complaining of intense pain. While there, Mitchell informed the emergency room physician that he had previously observed a discharge coming from his penis, that he took some of the medication his girlfriend had for the treatment of her gonorrhea, and that the discharge cleared-up.

(DE 10-5 at 4*).*

Unless Simmons had access to Mitchell's emergency room records, he would have had no way of knowing that Simmons had gonorrhea at the time of the crime and that he took medicine prescribed for his girlfriend to deal with it. That Simmons

testified that Mitchell told him basically the same story that he told the emergency room doctor supports the conclusion that Mitchell did discuss the facts of his crime with Simmons.

In his traverse, Mitchell suggests that his appellate counsel "should have argued prosecutorial misconduct on the ground that "Simmons falsely testified, with the full knowledge, of the prosecutor, that [he] received no benefit and had not been paid for his testimony." (DE 15-2 at 42). He argues that although Simmons had a lengthy criminal history he was ultimately sentenced to only five years imprisonment, which was modified to an even lesser sentence at Simmons's request.

Though it may be true that Simmons eventually received lenient treatment, Mitchell does not point to any portion of the record that substantiates that claim. Moreover, that Simmons may have eventually received relatively lenient treatment does not mean that he had a firm commitment from the prosecutor for such treatment before he testified. Simmons testified that he had not been promised a plea bargain or other lenient treatment or favors for his testimony. (Trial Transcript at pp. 106, 115). Nothing in the record suggests that Simmons lied about this or that he falsely testified with the full knowledge of the prosecutor.

Mitchell has the burden of proof to establish cause and prejudice or actual innocence. He has not met this burden in regard to his claim that Simmons's testimony was "inherently unreliable"

or fabricated or that, with the prosecutor's knowledge, he lied about not receiving lenient treatment in return for his testimony. Accordingly, Mitchell has not established grounds to excuse the procedural default of his claim that his appellate counsel was ineffective.

CONCLUSION

For the foregoing reasons, the court **DENIES** Mitchell's petition and **DIRECTS** the Clerk to **DISMISS** the petition.

**DATED: July 1, 2010**     /S/RUDY LOZANO, Judge
                              **United States District Court**